The decision of the court was delivered by
Hornblower, C. J.
The bill in this case was filed in November Term, 1834, and the usual rule taken on the defendant to plead, &o. But this rule was never served on the defendant, nor had he any notice of the bill being filed, until the 23d of February, 1836, or until on or about the first of May, in that year. By the defendant’s affidavit, it appears that the rule was served on him, at the first named period, and this is corroborated by an endorsement on the copy of the bill, of that date, in the hand-writing of the attorney for the plaintiff. On the other hand, the plaintiff’s attorney says, he made that endorsement, intending to deliver the copy of the bill, and the rule to plead on that day; but for reasons stated by him, he did not then serve the copies on the *64 defendant; but did do so, on, or about the first of May, 1836. It is not necessary however, in my view, to decide who is right as to the time of service of the rule, the plaintiff or the defendant; since in either case, the plaintiff’s proceedings were irregular. In September Term, 1836, the plaintiff entered up judgment in default of a plea. Now if a copy of the bill, and of the thirty day rule to plead, was served, as sworn to by the defendant, on the twenty-third of February, 1836, then the defendant was in default at May Term, and the plaintiff ought to have taken his judgment at that term; but if he thought proper not to do so, he could not enter judgment by default in September Term following, without again ruling the defendant to plead. And on the other hand, if the rule was not served till the first of May, 1836, it was too late — the rule was nearly eighteen months old, and was defunct. If the plaintiff had thought proper, in consequence of pending negotiations, or for any other cause, to waive his rule taken in November. Term 1834, and not to use it, he ought to have applied to the court for a new rule on the defendant to plead. If he had done so, the court might have refused it, on the ground that the cause was discontinued and out of court by the length of time it had been allowed to sleep, and the court probably would have done so, unless the plaintiff had been delayed by the movements of the defendant, or had assigned some other sufficient reason. Some rules of this court, when once entered, remain in force indefinitely, or until the end of the rule is answered ; or until they are discharged on motion, as rules to shew cause; rules for leave to take affidavits, and perhaps some others; but rules to plead, whether on or before a specific day, or within so many days after service thereof, if not served before the ensuing term, expire, and the court must be applied to for a new rule, before the party can get on with his suit. It will not do for a party to take a rule on his adversary, to plead in so many days after a service of the rule, and then carry it in his pocket for a year or eighteen months before he serves it. If he may retain it so long, why not longer? Why not for an indefinite period ? Such a practice would be improper in any case, and more especially in the case of a bill of privilege, in which the defendant has no notice of the suit being instituted against him. Where a party has been served with process, it is his own fault if he *65 does not compel the plaintiff to proceed, or turn him out of court, but in a proceeding like this, the defendant may have, as was the fact in this case, no notice of the suit, until the rule is served upon him; and thus a suit may be commenced and perpetuated against him for years, depriving him of the protection of the statute of limitations, without his knowledge or consent.
The suggestion that an attorney is always present in court, is no sufficient answer to the objection. He is so for certain purposes ; but it is only by a fiction of law, which is never to operate to the injury of the party, but is always to yield to the truth of the case. Hor cao such a proceeding he justified by analogy to the saving of the statute, by means of suing out, and continuing successive writs. Even if that rule of practice is to be recognized here, the plaintiff ought to have kept up the analogy, by taking out successive rules to plead, without intermitting a term, for .the rule in this case is in the place of process. Ho doubt if a bill of privilege is filed to day, and followed up in good faith, without any discontinuance, a regular rule, when served, if it should he a year hence, will relate back to the filing of the bill, and the cause will be considered as instituted of record, as of this time: but we cannot give such an effect, to a rule taken out to-day and served more than a year hence.
For these reasons, I should be in favor of dismissing the bill out of court, if the defendant himself had not been in laches. It appears from his own affidavit, that intermediate the filing of the hill, and the service of the rule, negotiations were pending between the parties; and this was no doubt, the reason why the plaintiff's attorney omitted to serve the rule on the defendant. If in February term or May term, 1836, the plaintiff had applied to the court for a new rule on the defendant, on an affidavit of that fact, the court would no doubt, have granted him a rule. But the defendant admits the rule was served on him prior to the February term, 1836; why then did he not attend to it? It was at least notice to him, that a suit had been commenced, and the endorsement on the copy of the bill, shewed him when it had been filed. If then he considered the proceedings irregular, why did he not apply to the court ? Instead of doing so, he lays by until after the ensuing September term, and suffers the plaintiff to proceed, thus incurring costs, and exposing himself to delay. *66 Both parties are therefore to blame, and I am for giving relief to both, on terms. The plaintiff’s attorney says he served the rule, early in May, 1836 : let him then amend his bill, entitling .it as of February term, 1836, and let it be marked by the Clerk, filed as of that term — thereupon let the judgment and execution be set aside, and a rule be entered on the defendant, to appear and plead in thirty days after service of the rule, — all costs to abide the event of the suit.
Ford and Ryerson, Justices, concurred.
Judgment and execution set aside, and leave given to amend, and plead, (fee.